**In the Matter of David W. RUSSELL, Respondent.**

No. 49S00-1501-DI-1.

Supreme Court of Indiana.

July 8, 2015.

*PUBLISHED ORDER. APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On August 11, 2014, Respondent was convicted on a guilty plea to operating a motor vehicle while intoxicated ("OWI") with a previous OWI conviction within five years, a class D felony. Respondent's felony conviction was later modified to a misdemeanor.

The parties cite as a fact in aggravation that this is Respondent's second conviction for an OWI-related offense. The parties cite the following facts in mitigation: (1) Respondent has no other disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent accepts responsibility for his misconduct; (4) nearly two years have passed since the criminal offense and Respondent has had no other disciplinary matters arise during that time; (5) Respondent's misconduct was not due to a dishonest or selfish motive; and (6) Respondent executed a monitoring agreement with the Indiana Judges and Lawyers Assistance Program ("JLAP") shortly after his arrest and has been fully compliant with that agreement.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) During his probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances except as prescribed, he shall continue compliance with JLAP monitoring and with any individual or group therapy with which he is currently involved, and he shall have no violations of the law or the Rules of Professional Conduct.

(2) Any material breach of Respondent's probation will subject Respondent to active service of his stayed suspension without automatic reinstatement.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.